Filed 3/17/16  In re D.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re D.B. et al., Persons Coming Under the Juvenile Court Law. | C079549 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, | (Super. Ct. Nos. J37049 & J37050) |
| Plaintiff and Respondent, | |
| v. | |
| DANIELLE C., | |
| Defendant and Appellant. | |

Danielle C., mother of the minors, appeals from orders of the juvenile court terminating her parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother argues that the Department of Employment and Social Services (Department) failed to comply

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901, et seq.) because the Department failed to make adequate inquiry into the parents' claim of Indian heritage, resulting in defective notice to the tribes. We agree and will reverse the orders terminating parental rights and remand the case for the limited purpose of determining whether the Department satisfied its duty of inquiry as to mother's claim of Cherokee heritage.

FACTS

In February 2014, the Department removed the minors Dap. B and Dal. B. from the home due to the parents' ongoing substance abuse and domestic violence which resulted in the parents' arrests. The court detained the minors, who had been placed with a maternal uncle, found they came within the provisions of section 300 and ordered services for both parents. At the six-month review hearing the court terminated services due to the parents' lack of participation and set a section 366.26 hearing. At the section 366.26 hearing in May 2015 the court terminated parental rights.

Mother was present at the detention hearing in February 2014 and claimed Cherokee Indian heritage through her deceased father but was not sure who to contact for more information. Mother was advised it was important to provide contact information for the paternal relatives so that they could give further facts about their Indian heritage. When asked about relatives living in the county, mother did provide names of a maternal great-aunt; a maternal great-great aunt and uncle; her brother, with whom the minors were placed; the paternal grandparents and a paternal great-grandmother.

The social worker, Jennifer Hamilton, obtained further information from mother about her Indian heritage in March 2014. The resulting Indian ancestry questionnaire provided mother's name and birth date; the maternal grandmother's name, birth date, and a last known address; and the maternal grandfather's name, birth date and last known address. Although mother had previously claimed Cherokee heritage only through the paternal line, in the questionnaire, she claimed Cherokee heritage through both maternal

2

grandparents.  Further, while she previously had indicated her father, the maternal grandfather, was deceased, she did not provide a date of death on the questionnaire, indicating only "n/a" in the relevant box.  Mother provided no further information on the minors' paternal relatives.

Father's first court appearance was in March 2014.  Father stated he might have Cherokee ancestry on his father's side and completed the ICWA-020 form confirming his statement.  Father also provided names and telephone numbers of the paternal grandparents and suggested that the paternal grandfather might have more information. Father refused to fill out a family history questionnaire and was not available for a telephone interview prior to the time the ICWA notice was sent.

The Department sent the ICWA-030 notice form to the three Cherokee tribes, the parents, and the Bureau of Indian Affairs on March 11, 2014.  The notice included mother and father's full names and their birthdates.  The notices also included the maternal and paternal grandparents' names and dates of birth.  Some of the information, i.e., birth dates and middle names of the paternal grandparents, was new.  The notices contained no information about the maternal great-grandparents.  However, the notices did have the names of all four paternal great-grandparents and two additional names as well as a birth date for one of the paternal great-grandmothers.  The notices stated that no other information was available.

Each of the three Cherokee tribes informed the Department that the minors were not Indian children within the meaning of ICWA and the respective tribes declined to intervene.  At the ICWA review hearing, with both parents present, the court found that, based on the responses from the tribes, there was no reason to believe that ICWA applied.

DISCUSSION

Mother contends there was inadequate inquiry regarding both maternal and paternal Indian heritage.  She argues the court's inquiry when each parent appeared was inadequate and there was no evidence of any inquiry of known family members to obtain

3

missing information.  Mother acknowledges she completed the Indian Ancestry Questionnaire but argues there was no evidence of any follow-up with her or her relatives.

The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions.  (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.)  The juvenile court and the Department have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child.  (Cal. Rules of Court, rule 5.481(a).)  The duty of inquiry is continuing and may include interviewing extended family members, if known, to gather information. (§ 224.3, subds. (a) & (c); Cal. Rules of Court, rule 5.481(a)(4).)

Here, when each parent first appeared, an inquiry was made in court about any claim of Indian ancestry.  Mother previously claimed Cherokee heritage and was questioned both about her heritage and about any relatives who might have more detailed information regarding that heritage.  Mother named some relatives but did not provide contact information for them.  Mother was advised to provide that information. Sometime after the detention hearing, mother spoke with the social worker and completed an Indian ancestry questionnaire which gave some additional information, although the information differed in some respects from that provided in court.

Father also asserted Indian heritage at his first court appearance and completed the ICWA-020 form claiming affiliation with the Cherokee tribe.  When he was questioned about his relatives, he provided names and contact information.  While father did not complete any questionnaires, the social worker obtained significant additional information about his ancestors.

The maternal information in the ICWA notice sent to the Cherokee tribes contained only the facts mother provided in her discussion with the social worker. However, the paternal information was far more extensive and could only have come

4

from further inquiry of the identified paternal relatives. As to father, the Department and the court fulfilled the duty of inquiry.

The Department argues that neither parent objected or raised concerns about the adequacy of the information in the notices at the ICWA review hearing. We agree that counsel had an obligation to object so that any deficiency could be promptly corrected. (*In re S.B.* (2009) 174 Cal.App.4th 808, 813.) However, the failure to object did not waive defects in the notice procedure. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 739.)

The Department also argues that mother failed to provide further information by failing to complete the ICWA-020 form. However, the purpose of that form is not to provide detailed ancestral information, but to identify whether or not Indian heritage is claimed, and, if so, which tribe or tribes may be involved. This limited information was known prior to mother's first appearance.

Although the juvenile court and the Department fulfilled the initial duty of inquiry as to mother, it was clear she had little information. While the social worker is not required to "cast about for Indian connections" (*In re C.Y.* (2012) 208 Cal.App.4th 34, 42), at the time the notice was sent the Department was aware of the whereabouts of the maternal uncle, since the minors were placed there, and he might have provided more complete ancestral information. Inquiry of the maternal uncle would have not been difficult. On this record, we cannot determine whether he was, or was not, asked for more information than mother provided or, if he was asked, had none. Limited remand is required to determine whether the duty of inquiry as to mother's claim was satisfied.

DISPOSITION

The orders terminating parental rights are reversed and the matter is remanded for the limited purpose of determining whether the Department complied with the inquiry provisions of the ICWA as to mother's claim of Indian heritage. If the juvenile court determines that the Department did make adequate inquiry, the orders shall be reinstated.

If the juvenile court determines that further reasonable inquiry into mother's ancestry is necessary, the juvenile court shall order the Department to complete the inquiry and, if new information is obtained, to send new notice to the Cherokee tribes and conduct further proceedings as required.

      /s/
Blease, Acting P. J.

We concur:


    /s/
Hull, J.


    /s/
Murray, J.